**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **JOMO K WYATT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:24-cv-420 (MTT)** |
| ) | |
| **PENDAS LAW FIRM,** *et al.,* ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| ————————————————— ) | |

## <u>ORDER</u>

Pro se Plaintiff Jomo K. Wyatt filed this action against the Pendas Law Firm and Alberto Lara under the False Claims Act ("FCA") related to a slip and fall incident in Fort Lauderdale, Florida.  Doc. 1.  Before the Court is the defendants' motion to dismiss Wyatt's complaint due to an alleged failure to state a claim under the FCA, lack of personal jurisdiction, and improper service of Alberto Lara.  Doc. 7.  Alternatively, if the Court finds that Wyatt states a claim, the defendants request that venue be transferred to the Middle District of Florida.  *Id.*  In an effort to afford Wyatt, who is proceeding *pro se*, adequate notice and time to respond to the defendants' motion, the following notice is given.  *See Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985).  If Wyatt wishes to respond, he must do so no later than **TWENTY-ONE DAYS from the entry of this Order**.[1]  If Wyatt does not timely respond to the motion to dismiss, the Court may dismiss his claims against the defendants.

---

[1] The Clerk is **DIRECTED** to mail a copy of the motion to dismiss (Doc. 7) to Wyatt at his last known address.  Thereafter, all notices or other papers may be served on Wyatt directly by mail at his last known address.

The Court evaluates a motion to dismiss based on failure to state a claim, lack of personal jurisdiction, and improper service using the following standard:

*Failure to State a Claim.*  The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To avoid dismissal pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible."  *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  *FindWhat Inv. Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (internal quotation marks and citations omitted).  But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (cleaned up).  The complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).  Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts.  *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

*Personal Jurisdiction*.  A court must have personal jurisdiction over the defendants.  Personal jurisdiction can be general or specific.  General jurisdiction allows all kinds of suits against a defendant, but only in states where the defendant is "at home" or, in most cases, is served with process.  *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) ("[A]n individual is subject to general jurisdiction in her place of domicile").  Specific jurisdiction, on the other hand, must arise out of the events or transactions underlying the claim that forms the basis of the lawsuit.  *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014).  For specific jurisdiction to be proper, "the defendant must have 'purposefully availed' itself of the privilege of conducting activities—that is, purposefully establishing contacts—in the forum state and there must be a sufficient nexus between those contacts and the litigation."  *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1267 (11th Cir. 2010).

*Service of Process.*  Plaintiff must properly serve all defendants under Federal Rule of Civil Procedure 4.  Under Federal Rule of Civil Procedure 4(m), the plaintiff must serve the defendants with all appropriate papers within ninety (90) days after the complaint is filed.  It has been more than 90 days from the date the plaintiff filed his complaint.  If Alberto Lara was not personally served or if service did not comply with Rule 4, the claims against him may be dismissed under Rule 12(b)(5).

*Transfer of Venue to the Middle District of Florida*.  Venue refers to the proper court location for a lawsuit under 28 U.S.C. § 1391.  If the incidents underlying Wyatt's claims occurred in the Middle District of Florida and the defendants reside there, the Court may transfer the case under § 1404(a) or § 1406(a).

Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs.  Wyatt may submit his argument to this Court by filing a brief in opposition to the defendants' motion to dismiss.  Unless the Court has granted prior permission, any brief should not exceed 20 pages.  M.D. Ga. L.R. 7.4.   Failure to fully and timely comply with this order may result in the dismissal of this action.

**SO ORDERED**, this 20th day of March, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT